E-FILED
Friday, 17 February, 2017  03:45:28 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LEWIS E. WHITE, JR., | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 16-CV-2371 |
| | ) | |
| SHERIFF DOWNEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MERIT REVIEW OPINION**

Plaintiff filed this case pro se from the Jerome Combs Detention Center.  The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.[1]  This statute requires the Court to review a complaint filed by a prisoner to identify the cognizable claims and to dismiss part or all of the complaint if no claim is stated.

In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013).  However,

---

[1] A prisoner  who has had three prior actions dismissed for failure to state a claim or as frivolous or malicious can no longer proceed in forma pauperis (without prepaying the filing fee in full) unless the prisoner is under "imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

conclusory statements and labels are insufficient.  Enough facts must be provided to "'state a claim for relief that is plausible on its face.'"  Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

Plaintiff alleges that he takes unidentified psychological medicines with side effects that caused him to fall out of the top bunk on September 15, 2016.  He believes he never should have been placed on the top bunk because of those medications.  Plaintiff also alleges that Correctional Officer Memenga and Nurse Becky[2] moved Plaintiff off the floor after he fell even though Plaintiff was in great pain, and that they did not get Plaintiff to a hospital or doctor until four days later.  Plaintiff alleges that he is still suffering from his injuries.

The Court presumes that Plaintiff is a pretrial detainee, which means that his claim arises from the Fourteenth Amendment's Due Process Clause, but the analysis is essentially indistinguishable from an Eighth Amendment analysis.  Thomas v. Cook County Sheriff's Dept., 604 F.3d 293, 301 n.2 (7th Cir. 2010); Chapman v. Keltner, 241 F.3d 842, 845 (7th Cir. 2001).  Plaintiff must allege

---

[2] This appears to be the nurse's name, but the Complaint is somewhat illegible.

facts which allow a plausible inference of "(1) an objectively serious injury or medical need was deprived; and (2) the [named defendant] knew that the risk of injury was substantial but nevertheless failed to take reasonable measures to prevent it." Chapman, 241 F.3d at 845.

To state a constitutional claim based on Plaintiff's placement on the top bunk, Plaintiff must allege facts to plausibly suggest that the individual responsible for that placement was deliberately indifferent to a substantial risk of serious harm.  Deliberate indifference means that the individual responsible for the placement actually knew that Plaintiff's placement on the top bunk presented a serious risk of substantial harm and consciously disregarded that risk.  Thomas v. Cook County Sheriff's Dept., 604 F.3d 293, 301 (7th Cir. 2010).  Negligence—a claim that the individual should have known Plaintiff needed a bottom bunk—is not enough to state a constitutional claim. McGowan v. Hulick, 612 F.3d 636, 640 (7th Cir. 2010)("[N]egligence, even gross negligence, does not violate the Constitution.")

On Plaintiff's claim of denial of medical care, he must allege facts to plausibly suggest deliberate indifference to a serious

medical need.  A "serious medical need" is a need diagnosed by a doctor as needing treatment, or a need so obvious that even a layperson would recognize the need for treatment.  Pyles v. Fahim, 771 F.3d 403, 409 (7th Cir. 2014).  Deliberate indifference means that an individual actually knew that Plaintiff had a serious medical need and consciously disregarded that need.  Duckworth v. Ahmad, 532 F.3d 675, 679 (7th Cir.2008).  An employee without medical training is generally entitled to rely on the judgment of the medical staff.  Greeno v. Daley, 414 F.3d 645, 656 (7th Cir. 2005)("If a prisoner is under the care of medical experts… a nonmedical prison official will generally be justified in believing that the prisoner is in capable hands.'")(quoted cite omitted).

The individuals in charge such as the Sheriff, the Chief of Corrections, and the Assistant Chief of Corrections cannot be held liable simply because they are in charge.  Brown v. Randle, --- F.3d ---, 2017 WL 491155 *3 (7th Cir. 2017).  They must have personally known that Plaintiff was assigned to the top bunk and also that the top bunk presented a substantial risk of serious harm to Plaintiff.  They must have personally known that Plaintiff was being denied access to medical care.

The allegations in Plaintiff's complaint do not allow a plausible inference of deliberate indifference against the named Defendants. Plaintiff does not explain how each of these Defendants knew about Plaintiff's medications or that the medications put Plaintiff at risk from falling off the top bunk.  Plaintiff does not explain his efforts to obtain medical care after the injury and the responses he received. He does not set forth what medical care he has received for the injuries.  Additionally, only the individuals responsible can be sued. The "health care staff" cannot be sued.

In sum, no plausible inference arises on these allegations that the named Defendants were actually aware of a substantial risk of harm to Plaintiff or were aware that Plaintiff was not receiving medical care for a serious medical need.  Plaintiff's complaint will be dismissed for failure to state a claim, without prejudice to filing an amended complaint providing more factual detail.

**IT IS ORDERED:**

1)     Plaintiff's complaint is dismissed without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915A.

2)  Plaintiff may file an amended complaint by March 17, 2017.  If Plaintiff does not file an amended complaint or Plaintiff's amended complaint still fails to state a claim, then this action will be dismissed for failure to state a claim and a strike will be assessed against Plaintiff pursuant to 28 U.S.C. 1915(g).  If Plaintiff files an amended complaint, the amended complaint will replace the original complaint.  Piecemeal amendments are not permitted.

ENTERED: February 17, 2017

FOR THE COURT:

                        **s/Sue E. Myerscough**
                        SUE E. MYERSCOUGH
                UNITED STATES DISTRICT JUDGE