UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| LEWIS E. WHITE, JR., | ) |
| Plaintiff, | ) |
| v. | ) 16-CV-2371 |
| SHERIFF DOWNEY, et al., | ) |
| Defendants. | ) |

**SECOND MERIT REVIEW OPINION**

On February 17, 2017, the Court dismissed Plaintiff's complaint with leave to replead by March 17, 2017.  Plaintiff has filed an amended complaint, which is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.

Plaintiff's amended complaint gives some more detail about what happened when he fell out of his top bunk at the Jerome Combs Detention Center on September 15, 2016.  He alleges that Officer Memenga and "Nurse Becky" picked Plaintiff up off the floor to make him stand even though Plaintiff was experiencing extreme pain in his back, hip, and right arm.  He alleges that Nurse Becky shoved a chair under Plaintiff, which made Plaintiff fall into the

chair, and refused to contact a doctor.  Plaintiff believes that these actions were outside the standard of care because Plaintiff could have had a cranial or spinal injury.  The next day, Plaintiff's elbow had "swollen to the size of a grapefruit."  Physician Assistant ordered x-rays and prescribed muscle relaxants, but Plaintiff still has not been informed of the results of the x-rays.  Plaintiff does not say whether he has recovered from his injuries.

Drawing an inference of deliberate indifference remains difficult.  Nurse Becky and Officer Memenga cannot be liable simply because Plaintiff believes they should have done something differently, particularly if their actions caused no injury to Plaintiff.  However, this determination would be premature.  The case will proceed per the standard procedures.

**IT IS ORDERED:**

1) Plaintiff's motion for leave to file an amended complaint is granted (8).

2) Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states a claim for deliberate indifference to his serious medical

needs regarding injuries he suffered after falling from the top bunk on September 15, 2016. This case proceeds solely on the claims identified in this paragraph. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

3) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

4) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from the date the waiver is sent to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff

may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

5) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

6) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed

by Defendants. Therefore, no response to the answer is necessary or will be considered.

7) This District uses electronic filing, which means that, after Defense counsel has filed an appearance, Defense counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defense counsel copies of motions and other papers that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defense counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

8) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

9) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

10) If a Defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

11) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' counsel.

12) **The clerk is directed to reopen this case[1] and to docket the amended complaint.**

13) **The clerk is directed to add Physician Assistant Huffines as a Defendant.**

14) **The clerk is directed to enter the standard order granting Plaintiff's in forma pauperis petition and assessing an initial partial filing fee, if not already done, and to attempt service on Defendants pursuant to the standard procedures.**

15) **The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

ENTERED: May 5, 2017

FOR THE COURT: \_**s/Sue E. Myerscough**_____
                                  SUE E. MYERSCOUGH
                                UNITED STATES DISTRICT JUDGE

---

[1] The case was inadvertently closed when the merit review order entered.